IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COOK, ) | No. C 05-01718 JW (PR) |
|     Plaintiff, ) | |
| ) | ORDER OF DISMISSAL |
| vs. ) | |
| ) | |
| DAVID WIEDNER, et al., ) | |
| ) | |
|     Defendant(s). ) | |
| ) | (Docket Nos. 11, 12 & 13) |

Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against personnel at the Maguire Correctional Facility in Redwood City, California. Plaintiff alleged that defendant Wiedner verbally assaulted him, punched him in his back, and pushed him against a wall. Plaintiff also alleged that defendant Floress verbally harassed him, and that defendant Moody pushed him against a wall. Plaintiff's last claim was that he was placed in an unsanitary holding tank.

On August 29, 2006, the Court dismissed the complaint with leave to amend. The Court found that plaintiff's allegations of verbal harassment and excessive force were too conclusory for the Court to determine whether defendants' conduct rose to the level of a constitutional violation. See Docket No. 9 at 4. The Court also found that plaintiff's claim that he was placed in an unsanitary holding tank was deficient

because he failed to specify the length of time for which he was placed in the tank; the length of time is significant in determining whether the alleged deprivation was sufficiently serious to rise to the level of a constitutional violation. See id. at 5. Accordingly, the Court granted plaintiff thirty days to file an amended complaint to cure the deficiencies in the original complaint. On September 20, 2006, plaintiff filed a request for an extension of time to file an amended complaint. The Court grants the request for an extension of time (Docket No. 11). The amended complaint is deemed timely filed and is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a).

In his amended complaint, which consists of two pages, plaintiff has failed to set forth sufficient facts to support any of his claims against each defendant for alleged constitutional deprivations. Plaintiff merely repeats the statements from his original complaint that he was physically assaulted by defendant Wiedner and that the conduct was wanton. In support of this allegation, plaintiff claims that an affidavit by a witness was mailed to the Court. However, the Court has no record of receiving such a document in this case. Plaintiff also repeats his claims that defendants harassed and threatened him, and that they possessed a "sufficiently culpable state of mind." In short, the amended complaint contains nothing more than the same conclusory allegations from the original complaint. Furthermore, plaintiff failed to provide the deficient information with respect to his claim of being held in an unsanitary holding cell. Accordingly, plaintiff's complaint is DISMISSED without prejudice for failure to state a cognizable claim under § 1983.

In light of the dismissal, all motions (Docket Nos. 12 and 13) are DENIED as moot. This order terminates Docket Nos. 11, 12 and 13.

DATED: December 20, 2007

JAMES WARE
United States District Judge